**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

STAR HARBOR CAPITAL, LLC,

      Plaintiff,

      vs.

WENLAMBO TWO LIMITED,
HMSRSV, LLC,
and ROBERT SHAVELL,

      Defendants.

Civil Action No. 1:25-CV-10070-MJJ

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT
ON THE PLEADINGS AND TO DISMISS PENDANT STATE LAW CLAIMS FOR
<u>LACK SUBJECT MATTER JURISDICTION</u>**

'

Defendants Wenlambo Two Ltd. HMSRSV, LLC, and Robert Shavell ("Mr. Shavell," and together, "Defendants") submit this reply brief in support of their Motion for Judgment on the Pleadings.

**<u>INTROCUTION</u>**

Plaintiff's Opposition argues that its Exchange Act claim did not accrue until Defendants offered a compromise payment in April 2023, but that theory ignores the Amended Complaint's own allegations regarding Defendants' conduct in 2020, 2021, and 2022, which this Court relied on in finding the Exchange Act claim adequately pleaded. The relevant question is not whether the April 2023 offer provided notice of the alleged violation, but whether Plaintiff was already on notice by mid-to-late 2022, when it allegedly demanded distribution of the staking rewards and Defendants failed to comply. The Amended Complaint establishes the latter, as Plaintiff could have asserted its Exchange Act claim once Defendants allegedly refused or failed to distribute the staking rewards upon demand. Nor can Plaintiff preserve the remaining claims through jurisdictional discovery to establish an unpleaded basis for diversity jurisdiction. Under First Circuit precedent, the plaintiff bears the burden of pleading the jurisdictional basis for its claims, and a court need not search for an alternative basis for jurisdiction once the pleaded ground for federal jurisdiction has been eliminated. Because Plaintiff failed to plead diversity jurisdiction and Count III must be dismissed, the Court lacks jurisdiction over the remaining state-law claims as well.

## I.    PLAINTIFF WAS ON NOTICE OF ITS EXCHANGE ACT CLAIM IN 2022.

To determine whether an Exchange Act claim is barred by the statute of limitations, this Court is not required to "determine exactly when the plaintiffs discovered the facts necessary to plead their" claim. (Doc. No. 48 at 9). Importantly, Plaintiff must have knowledge of, or a reasonable investor should be on notice of, the ***fraud*** and not the injury suffered because of the

fraud. *See McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 932 (7th Cir. 2011) ("The two-year deadline [to file claim for Exchange Act violation] … runs from the date of the fraud rather than the date of the injury."). Thus, the Court must "look[] to when the alleged misrepresentation occurred and when the plaintiff discovered (or a reasonably diligent plaintiff would have discovered) the misrepresentation, not when the injury resulting from the misrepresentation occurred." *Klein v. Walgreens Boots Alliance, Inc.*, 2026 WL 1296126, at *4 (N.D. Ill. May 12, 2026).

The Court's prior ruling established that the alleged misrepresentations and omissions inducing Star Harbor's investment occurred in 2020 and continued through 2021 and 2022 after Plaintiff invested. (Doc. No. 18 at 8). The Court further held that Plaintiff adequately alleged scienter through allegations that "Wenlambo and HMSRSV's silence" "helped Mr. Shavell stonewall Star Harbor's requests for accountings and distributions," coupled with "affirmative representations on behalf of Wenlambo that Star Harbor was a partner," and the allegation that the "prior course of dealing between the parties and the standard practice in cryptocurrency investing led Star Harbor to expect that it would receive its share of the staking rewards and airdrop sales." (Doc. No. 18 at 9). Notably absent from the Court's analysis was any reliance on, or reference to, Mr. Shavell's later offer to pay Plaintiff $40,000 in staking rewards in April 2023 as the critical event giving rise to the Exchange Act claim or the basis to allege scienter. *See id.* This is likely because Plaintiff, itself, did not argue that the April 2023 offer formed the basis of its Exchange Act claim in its opposition to Defendants' Rule 12(b)(6) motion. (Doc. No. 16 at 13-17).

Instead, the Court, following Plaintiff's lead, specifically referenced Defendants alleged "stonewall[ing]" of Plaintiff's efforts to obtain distributions, conduct Plaintiff alleges began in 2022. (Doc. No. 18 at 9). Plaintiff, itself, alleges that, by "mid-late 2022, the staking rewards and airdrop sale amounts totaled almost $700,000," and that "[Star Harbor] again pressed Wenlambo

2

to sell and distribute to its Members and Partners these proceeds." (Doc. No. 12 at ¶ 46). Defendants allegedly failed to make those distributions, requiring "repeated demands" to do so. (*Id.* at ¶¶ 47, 49). Plaintiff further alleges that, rather than distribute the rewards after these "repeated attempts" to secure payment, Wenlambo "engaged in a campaign of deception and obfuscation over the next 18 months, all in an effort to deprive Star Harbor … from the amounts and proceeds due… ." (*Id.* at ¶ 47).

Those allegations foreclose Plaintiff's attempt to anchor accrual to the April 2023 compromise offer. By Plaintiff's own account, it was making repeated demands for distribution in "mid-late 2022," and Defendants were already refusing to comply. (*Id*. at ¶¶ 46-49) Indeed, allegations of an "18 month[]" campaign of "deception and obfuscation" beginning in 2022 are entirely inconsistent with any suggestion that Defendants honored Plaintiff's requests for staking reward distributions during that period. And all of this allegedly occurred after Mr. Shavell suggested that the staking rewards should instead be applied toward management fees in February 2022. (*Id.* at ¶ 38).

Plaintiff, therefore, either knew or, at minimum, a reasonably diligent investor would have known, by "mid-late 2022" that the alleged misrepresentations and omissions regarding staking rewards were fraudulent and had induced its investment. Plaintiff was not required to know "all of the details or 'narrow aspects' of the alleged fraud" for the statute of limitations to begin to run. *Rycar Trust v. Yates Family Investments*, 799 F. Supp. 3d 1178, 1199 (D. Utah 2025) (citation omitted). Rather, the limitations period begins when the "plaintiff should have discovered the general fraudulent scheme." *Id*. (citation omitted). Put differently, Plaintiff's "own allegations show that plaintiff knew, well before [January 10, 2023], that … it [wa]s 'at least as likely as' not that [Defendants] acted with the relevant knowledge or intent' to deceive." *Miller v. 1847 Holdings*

3

*LLC*, 2026 WL 1067109, at *5 (S.D.N.Y. Apr. 20, 2026) (quoting *Merck & Co. v. Reynolds*, 559 U.S. 633, 634 (2010)). That is all that is required to start the limitations clock.[1] Because the Amended Complaint establishes that Plaintiff was on notice of the alleged fraud by mid-to-late 2022 and Plaintiff filed this action in 2025, Count III is time-barred.

**II.     PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY AND THE PENDANT STATE LAW CLAIMS MUST BE DISMISSED.**

Star Harbor bears a "duty to assert the jurisdictional basis of [its] claim." *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 127 (1st Cir. 2005); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[A] plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a)."). Here, Plaintiff only asserted federal question, though the Exchange Act, as the basis for this Court's jurisdiction and specifically tied the remaining claims to supplemental jurisdiction under 28 U.S.C. § 1367.  (Doc. No.12 at ¶ 5). Plaintiff is bound by this assertion and the elimination of the federal basis for jurisdiction does not require the Court to sift through the Amended Complaint to determine whether an alternative basis for jurisdiction exists *Maher*, 433 F.3d at 126 (dismissal of federal question claim imposes no obligation for "*sua sponte* action by the district court to assert diversity jurisdiction" where plaintiff claimed allegations established that "diversity jurisdiction [was] apparent on the face of the complaint").[2]

Furthermore, Plaintiff is not entitled to jurisdictional discovery because it "is not attempting to acquire evidentiary support for its jurisdictional allegations. [It] is asking this Court

---

[1] Plaintiff cites to *Azzolini v. Corts Trust II for Provident Fin. Trust I*, 396 F. Supp. 2d, 858 (E.D. Tenn. 2005) for the proposition that it is "somewhat extraordinary" to decide a statute a limitations defense at the Rule 12 stage. (Doc. No. 49 at 13).  But *Azzolini* was decided under the "no set of facts" pleading rule of *Conley v. Gibson*, 355 U.S. 41 (1957) not the plausibility pleading standard in place after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] In any event, because Plaintiff has failed to allege the citizenship of Mr. Shavell, (Doc. No. 12 at ¶ 11 (pleading place where he currently resides) or of each member of HMSRSV, LLC, (*see id.* at ¶ 10), diversity jurisdiction is not apparent on the face of the Amended Complaint. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 361 (1st Cir. 2001) ("Jurisdictionally speaking, residency and citizenship are not interchangeable…"); *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023) ("[I]n this circuit … an LLC … takes the citizenship of all of its members.")

to allow it to conduct discovery in order to assert a new basis for jurisdiction." *Millennium Indus. Network, Inc. v. Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014) (denying request). In other words, Plaintiff is "simply searching for a new basis for jurisdiction, not based on anything pled in the complaint" and jurisdictional discovery cannot be used in this manner. *JMA, Inc. v. Biotronik SE & Co. KG*, 2013 WL 1402322, at *6 (S.D. Fla. Apr. 5, 2013). Attempting to find an alternative basis for subject matter jurisdiction goes far beyond the limited scope of jurisdictional discovery, which is to "prove disputed jurisdictional allegations" that support the pleaded basis for jurisdiction. *Hinkle v. Cont'l Motors, Inc.*, 2017 WL 4574794, at *3 (D.S.C. Oct. 12, 2017).

And even if Plaintiff uncovered facts that could give rise to diversity jurisdiction, Plaintiff would need to amend the complaint to have its state law claims be subject to diversity jurisdiction. But courts do not permit a party to amend a pleading to "add a new basis for jurisdiction." *Khath v. Midland Funding, LLC*, 2016 WL 1275606, at *2 (D. Mass. Mar. 30, 2016) (discussing notice of removal)[3]; *Broad v. DKP Corp.*, 1998 WL 516113, at *5 (S.D.N.Y. Aug. 19, 1998) (rejecting plaintiff's belated "attempt to assert subject matter jurisdiction by amendment").[4]

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendant's opening brief, the Court should grant Defendants' motion, refuse to entertain Plaintiff's request for jurisdictional discovery, and dismiss the remaining state law claims.

---

[3] Like a complaint, "a notice of removal is a pleading." *Spartan Bus. Sols. LLC v. Marquis Cattle Co. Inc.*, 2024 WL 861005, at *4 (W.D.N.Y. Feb. 29, 2024).

[4] Additionally, Plaintiffs request for jurisdictional discovery is not proper. It is not made by motion, but in opposition to a motion to dismiss. *See Stokinger v. Armslist, LLC,* 166 F.4th 229, 245 (1st Cir. 2026); *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 127 (1st Cir. 2022); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th Cir. 2009) (affirming denial of jurisdictional discovery where plaintiff raised request "in its briefs as a proposed alternative to dismiss[al].") Plaintiff also cannot show a colorable claim of jurisdiction. *Putnam v. EPR Props.*, --F.4th--, No. 25-1857, 2026 WL 1141779, at *9 (1st Cir. Apr. 28, 2026) (citation omitted). Plaintiff's contention that the record is "suggestive of Star Harbor and Defendants being completely diverse," (Doc No. 49 at 16), is pure speculation and unsupported by any allegation in the Amended Complaint. *See supra* fn. 2. Plaintiff request for jurisdictional discovery to find a new basis for federal subject matter jurisdictional should be denied.

Respectfully submitted,

*/s/ Michael R. Stanley*
Michael R. Stanley (BBO No. 680957)
Michael E. Welsh (BBO # 693537)
Gabrielle Muniz (BBO # 709519)
DEMEO, LLP
66 Long Wharf
Boston, MA 02110
Tel:  (617) 263-2600
mstanley@demeollp.com
mwelsh@demeollp.com
gmuniz@demeollp.com

*Counsel for Defendants Wenlambo Two
Limited, HMSRSV, LLC and Robert Shavell*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 28th day of May, 2026, this document filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Michael R. Stanley*
Michael R. Stanley

6